UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GEORGE QUINTERO ESPINOSA, | No. 2:15-cv-1016 KJM CKD PS |
| Plaintiff, | |
| v. | ORDER AND |
| CALIFORNIA DEPARTMENT OF CHILD SUPPORT SERVICES, | FINDINGS AND RECOMMENDATIONS |
| Defendant. | |

Plaintiff is proceeding in this action pro se. Plaintiff has requested authority pursuant to 28 U.S.C. § 1915 to proceed in forma pauperis. This proceeding was referred to this court by Local Rule 302(c)(21).

Plaintiff has submitted the affidavit required by § 1915(a) showing that plaintiff is unable to prepay fees and costs or give security for them. Accordingly, the request to proceed in forma pauperis will be granted. 28 U.S.C. § 1915(a).

The federal in forma pauperis statute authorizes federal courts to dismiss a case if the action is legally "frivolous or malicious," fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th

1 Cir. 1984).  The court may, therefore, dismiss a claim as frivolous where it is based on an
2 indisputably meritless legal theory or where the factual contentions are clearly baseless.  Neitzke,
3 490 U.S. at 327.

4       Plaintiff challenges garnishment proceedings arising out of a judgment against him for
5 child support.  A federal district court does not have jurisdiction to review errors in state court
6 decisions in civil cases.  Dist. of Columbia Court of Appeals v. Feldman, 460 U.S. 462, 476
7 (1983); Rooker v. Fidelity Trust Co., 263 U.S. 413, 415 (1923).  "The district court lacks subject
8 matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the
9 state court's application of various rules and procedures pertaining to the state case."  Samuel v.
10 Michaud, 980 F. Supp. 1381, 1411-12 (D. Idaho 1996), aff'd, 129 F.3d 127 (9th Cir. 1997).  See
11 also Branson v. Nott, 62 F.3d 287, 291-92 (9th Cir.1995) (finding no subject matter jurisdiction
12 over section 1983 claim seeking, inter alia, implicit reversal of state trial court action); MacKay v.
13 Pfeil, 827 F.2d 540, 544-45 (9th Cir. 1987) (attacking state court judgment because substantive
14 defense improper under Rooker-Feldman).  That the federal district court action alleges the state
15 court's action was unconstitutional does not change the rule.  Feldman, 460 U.S. at 486.
16 Moreover, claims raised in federal district court need not have been argued in the state judicial
17 proceedings to be barred by the Rooker-Feldman doctrine.  Id. at 483-84 & n.16.  If federal
18 claims are "inextricably intertwined" with a state court judgment, the federal court may not hear
19 them.  Id.  "[T]he federal claim is 'inextricably intertwined' with the state court judgment if the
20 federal claim succeeds only to the extent that the state court wrongly decided the issues before it."
21 Pennzoil Co. v. Texaco, Inc., 481 U.S. 1, 25 (1987) (Marshall, J., concurring).  In sum, "a state
22 court's application of its rules and procedures is unreviewable by a federal district court.  The
23 federal district court only has jurisdiction to hear general challenges to state rules or claims that
24 are based on the investigation of a new case arising upon new facts."  Samuel, 980 F. Supp. at
25 1412-13.

26       Plaintiff alleges multiple improprieties related to garnishment of his veteran's benefits and
27 social security benefits arising out of a judgment against him for child support.  Plaintiff does not
28 raise a general federal challenge to state law.  See Branson, 62 F. 3d at 292.  Stripped to its

essence, this action is one for federal court review of state court proceedings. The court finds the instant action amounts to an attempt to litigate in federal court matters that are inextricably intertwined with state court decisions. Accordingly, the court will recommend this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.[1]

Accordingly, IT IS HEREBY ORDERED that plaintiff's request to proceed in forma pauperis (ECF No. 2) is granted; and

IT IS HEREBY RECOMMENDED that this action be dismissed for lack of subject matter jurisdiction under Rooker-Feldman.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: May 28, 2015

CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

4 espinosa1016.ifp.57

---

[1] The domestic relations exception to federal jurisdiction bolsters the conclusion that subject matter jurisdiction in this case is inappropriate. The domestic relations exception "divests the federal courts of power to issue divorce, alimony and child custody decrees." Ankenbrandt v. Richards, 504 U.S. 689, 703 (1992) (explaining domestic relations exception to diversity jurisdiction). "Even when a federal question is presented, federal courts decline to hear disputes which would deeply involve them in adjudicating domestic matters." Thompson v. Thompson, 798 F.2d 1547, 1558 (9th Cir. 1986), aff'd, 484 U.S. 174 (1988); see also Tree Top v. Smith, 577 F.2d 519 (9th Cir. 1978) (declining to exercise jurisdiction over habeas petition seeking custody of child who had been adopted by others). In this circuit, federal courts refuse jurisdiction if the primary issue concerns child custody issues or the status of parent and child or husband and wife. See Coats v. Woods, 819 F.2d 236 (9th Cir. 1987); Csibi v. Fustos, 670 F.2d 134, 136-37 (9th Cir. 1982).

Here plaintiff challenges the judgment of child support against him on the grounds that there was a dissolution entered in 1975. Adjudicating the merits of plaintiff's claim that his veteran's benefits and social security benefits are wrongfully being garnished would inevitably require this court to consider the propriety of the domestic decrees entered in state court.

3